NO. SCAD-12-0000076

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

RONALD D.S. LAU, Respondent.

---

ORIGINAL PROCEEDING
(ODC 07-141-8601, 07-142-8602, 07-155-8615,
08-026-8669, 08-027-8670, 08-038-8681, 08-062-8705,
08-063-8706, 08-075-8718, 09-039-8762, 09-063-8786,
09-064-8787, 09-065-8788, 09-077-8800, 09-100-8823,
10-080-8914, 11-001-8925, 11-005-8929)

ORDER ALLOWING RESIGNATION IN LIEU OF DISCIPLINE
(By: Recktenwald, C.J., Nakayama, Acoba, Duffy, and McKenna, JJ.)

Upon consideration of the Office of Disciplinary
Counsel (ODC)'s "Petition for Order Granting Request of
Ronald D.S. Lau to Resign From the Practice of Law in Lieu of
Discipline" and the memorandum, affidavits, and exhibits in
support thereof, it appears the Petition is supported by
Respondent Lau's affidavit and the affidavit meets the
requirements of Rule 2.14(a) of the Rules of the Supreme Court of
the State of Hawaiʻi (RSCH). In sum, Lau admits to failing to
act with reasonable diligence in representing clients, failing to
keep clients reasonably informed about the status of their
matters and promptly complying with their reasonable requests for
information, attempting to improperly settle a claim against him
for malpractice by not first advising the former client in

writing that independent representation was appropriate, misappropriating client funds, improperly transferring funds out of his client trust account electronically, failing to provide clients with appropriate accountings concerning their advance fees, failing to return promptly to clients their files and unearned fees upon termination of the representation, and failing to cooperate with ODC during its subsequent investigations into his actions, in violation of Rules 1.3, 1.4, 1.8(h), 1.15(c), 1.15(d), 1.15(e), 1.15(f)(3), 1.15(f)(4), 1.16(d), 8.1(b), 8.4(a), and 8.4(d) of the Hawaiʻi Rules of Professional Conduct. It further appears that Respondent Lau's behavior included misappropriation of client funds and that any reinstatement must be predicated upon full restitution of all misappropriated money. It also appears that Respondent Lau has been suspended since November 24, 2010, pursuant to RSCH Rule 2.12A.  Therefore,

IT IS HEREBY ORDERED, pursuant to RSCH Rule 2.14, that the petition is granted and Respondent Ronald D.S. Lau's request to resign in lieu of discipline is granted.

IT IS FURTHER ORDERED that the resignation is effective 30 days after the date of this order, as provided by RSCH Rules 2.14(d) and 2.16(c).

IT IS FURTHER ORDERED that reinstatement is conditioned upon proof that Respondent Lau has made full restitution of all misappropriated monies.

IT IS FURTHER ORDERED that (1) the Clerk shall remove Respondent Ronald D.S. Lau's name from the role of attorneys licensed to practice law in this jurisdiction and (2) within thirty (30) days after entry of this order, Respondent Lau shall submit to the Clerk of this court the original certificate evidencing his license to practice law in this jurisdiction.

IT IS FURTHER ORDERED that (1) Respondent Lau shall comply with the requirements of RSCH Rule 2.16 and (2) the

2

Disciplinary Board shall provide notice to the judges, as required by RSCH Rule 2.16(f), but Respondent Lau having been on interim suspension since November 24, 2010, the Disciplinary Board need not publish the notice of disbarment that would otherwise have been required by RSCH Rule 2.16(e).

IT IS FINALLY ORDERED that Respondent Lau shall pay to the Disciplinary Board all costs associated with these proceedings.

DATED:  Honolulu, Hawaiʻi, February 14, 2012.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ James E. Duffy, Jr.

/s/ Sabrina S. McKenna



3